In re Estate of Daniel: Department of Taxation, Appellee, v. The Fifth-Third Union Trust Co., et al., Exrs., et al., Appellants.

(No. 7536—Decided March 17, 1952.)

*Mr. C. William O'Neill,* attorney general, and *Mr. J. M. Burtch, Jr.,* for appellee.
*Mr. Walter K. Sibbald,* for appellants.

Hildebrant, P. J.  This appeal on questions of law is from a final order of the Probate Court, holding that payment by the trustee of the proceeds of the profit sharing and pension trust of The Early & Daniel Company, credited to the account of the decedent, made to his widow and designated beneficiary, constituted a taxable succession under Section 5332 3 (b), General Code, as a transfer intended to take effect in possession or enjoyment at or after death.

The pertinent part of Section 5332, General Code, reads:

"A tax is hereby levied upon the succession to any property passing * * * to or for the use of a person * * * in the following cases:

"* * *

"3. When the succession is to property from a resident * * * by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"* * *

"(b) Intended to take effect in possession or enjoyment at or after such death."

The broad, general purpose of the trust is expressed in the modification agreement of May 28, 1947, as being to provide certain financial protection to employees after age 65, their dependents and the objects of their bounty.

Division II provides for yearly contribution to the fund, solely by the company, and for participating compensation by each of the employee participants by individual accounts in the aggregate fund. Paragraph 5 provides:

"5. Company to have no interest in trust funds. Upon payment to the trustee by the company of any sums to be paid by the company hereunder, all rights or claims of the company of any nature or description thereto shall terminate, and the company shall have no rights, claims or demands whatsoever upon said trust fund or any cash or property contributed thereto except the right to a proper application thereof to and for the sole and exclusive benefit of the participating employees by the trustee under the provisions hereof."

Division III, in providing for modification, provides:

"* * * and provided further, that the vested rights

of any participating employee shall not be affected thereby.''

Division V specifically requires the trustee to keep a separate account of the respective shares of each participant allocated to him.

Division VI, paragraph 5, provides for distribution on death and designation of beneficiaries as follows:

''Each participating employee shall have the right to designate, on forms furnished for that purpose by the advisory committee or the trustee and filed with the trustee, a beneficiary or beneficiaries to receive any amounts due to him hereunder in the event of his death. Such beneficiary designations, in order to be binding and operative, must be accepted or acknowledged in writing by the trustee, and they shall in no event include any general creditor of the employee.

''Subject to the foregoing limitation, the designated beneficiary or beneficiaries may be changed at will, in the same manner and under the same procedure as the initial beneficiary designation is made. In the event of the death of any participating employee, the trustee shall pay to his named beneficiary, upon proper proof of death, his share of the trust assets, including any policies or contracts on his life as shown by the balance in his individual account. Should the participating employee fail to designate a beneficiary, or should the beneficiary predecease the employee, the aforementioned payments are to be made to the executor or administrator of the estate of the deceased employe.''

It has been suggested that since profit sharing and pension trusts are a comparatively new development, the question of the application of the inheritance tax laws thereto is new and novel in character with a dearth of authority in Ohio and elsewhere thereon. Conceding such trusts to be a recent development, we

call attention to the fact that the inheritance tax laws have been applied to numerous transfers intended to take effect in possession or enjoyment at or after death, passing otherwise than by will or the statutes of descent and distribution.

Appellant's contention is based upon a conception that decedent had no ownership in the fund at or prior to his death, so that the designation by him of a beneficiary did not amount to a "succession" within the meaning of the statute.

Appellant claims this lack of ownership is shown by Division VI, paragraph 7 of the trust agreement, which is as follows:

"Benefits Inalienable. No participating employee shall have any right in any manner to sell, assign, alienate, anticipate, encumber or pledge, either by voluntary or involuntary act of such employees or by operation of law, his beneficial interest in the trust prior to actual payment or delivery thereof to him. Likewise, such benefits shall not be subject to attachment, execution or garnishment under legal process prior to such actual payment or delivery."

This court views the above quoted provisions simply as a spendthrift provision designed to protect the purpose of the trust and not inconsistent with ownership by the participant, called the beneficiary in the language of the trust, and effective merely to postpone participants' right to assume all the incidents of ownership which would accrue at age 65, including possession and control of the accumulated proceeds or an absolute right thereto, subject to the payment terms of the trust agreement.

Appellee cited below and in this court the case of *Dorsey Estate*, 366 Pa., 557, 79 A. (2d), 259, affirming the case as reported in 69 Pa. D. & C., 327, wherein it is stated in the syllabus:

"Where it appeared that a pension fund was composed of contributions from the wages of employees and contributions from the profits of the employer and that an employee's share of the entire fund belonged to him during his lifetime and could be withdrawn by him under specific conditions, or disposed of by him at his death, it was *held* that the portion of the deceased employee's share of the fund which represented the employer's contributions was subject to transfer inheritance tax under the Act of June 20, 1919, P. L. 521, as amended."

Appellant would distinguish *Dorsey's Estate* from the case at bar on the ground that the Pennsylvania decedent had the right during his lifetime to withdraw the funds and property credited to him. However, both Pennsylvania Courts in both the syllabus and opinion in each report refer not alone to the right of withdrawal, but, in the alternative, to the right to dispose of the fund at death, as the basis for the decision. It is stated in the Pennsylvania Supreme Court report, at page 559:

"It is the contention of appellant that in designating her as beneficiary decedent was merely exercising a power of appointment over that portion of the share of the fund credited to him which represented contributions by the company. Such a contention would be valid only if the company's contributions continued to be owned by the company and not by decedent, because obviously a power of appointment can exist only with reference to another's property and not one's own."

The contention is made here that decedent had no ownership in or right to alienate the amount credited to him in the fund, and did not, by designating a beneficiary, bring about a succession to property by "deed, grant, sale, assignment or gift."

We point out that here the company had specifically relinquished all ownership in the fund. The trustee held bare legal title for the purpose of the trust and it seems to the court that the participating employees holding the only beneficial interest in the fund have to be the owners thereof at all times, as surely they will be on the happening of the stipulated events, inevitable with the running of time, which destroy the stipulation on postponement of exercise of dominion over and all the incidents of ownership in accordance with the terms of the trust.

Under the facts here, designation of a beneficiary by the participating employee to receive his interest in the fund maturing on his death is ambulatory in character. The participant may change the designation, or revoke it entirely, and, on death, without a designated beneficiary, by the terms of the trust, the participant's share becomes a part of his estate, subject to disposition by will or the laws of descent and distribution. We, therefore, consider that the participating employees have at all times had a vested interest in the accumulating fund, postponed only as to enjoyment and use by the terms of the trust, and that on death, the postponed rights of a participant become fixed, the prior designation of beneficiary loses its ambulatory character, and it becomes effective to require transfer and payment by the trustee of participant's accumulated interest in the fund to the designated beneficiary who succeeds thereto.

In 38 Ohio Jurisprudence, 1244, Section 428, with reference to the nature of the Ohio Inheritance Tax, it is stated:

"The inheritance or succession tax, formerly known as the collateral inheritance tax, is not a tax upon the estate or upon the right to transmit, but is one upon the succession or right and privilege to receive; in

other words, the Ohio inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate."

In *Tax Commission, ex rel. Price, Atty. Genl.*, v. *Lamprecht, Admr.*, 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, it is stated in the syllabus:

"The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate, and in determining the value of the succession of any such beneficiary the amount of the federal estate tax should first be deducted, like other debts and expenses of administration."

Definitions contained in Section 5331, General Code, are:

"1. The words 'estate' and 'property' include everything capable of ownership, or any interest therein or income therefrom, whether tangible or intangible, and, except as to real estate, whether within or without this state, which passes to any one person, institution or corporation, from any one person whether by a single succession or not.

"2. 'Succession' means the passing of property in possession or enjoyment, present or future."

Under the broad definitions and all-inclusive language of the inheritance tax statutes as construed by the Supreme Court, it seems clear that appellant should be classed as any other beneficiary of decedent's estate within the intent of the Legislature in enacting the statutes here under consideration, and that payment to her of a participant's interest in the fund as designated beneficiary is a taxable succession.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur in the syllabus, opinion and judgment.

Ross, J., dissenting. I have little quarrel with the law announced in the opinion of the majority of the court, but I do dissent from the application of that law to the facts presented in the record.

The majority opinion is predicated, not upon the facts as they existed at the time of the death of the decedent, but upon contingencies, possibilities, and alternatives, which could have existed but did not.

In the first place (and this must be constantly borne in mind in considering such facts as existed at the death of the decedent), legislative action constituting the imposition of a tax is to be strictly construed and closely limited to the area specifically covered by such legislation.

In *Akron Transportation Co.* v. *Glander, Tax Commr.,* 155 Ohio St., 471, 99 N. E. (2d), 493, at page 476 of the opinion, it is stated:

"The decision of this question by the court is limited to an interpretation of the statutes involved. The court may not so construe the statutes, which are in effect taxing statutes, as to bring within the classifications established taxpayers not covered by the language thereof. The rule is well established that statutes imposing a tax will be construed strictly against the state and liberally toward the taxpayer and in no such instance will the language employed be extended by implication beyond its clear import."

What was the situation at the death of decedent when the "succession" is supposed to have occurred upon which the tax is levied?

Until decedent reached the age of 65, he had no right in the trust fund other than to name some person who should receive a fixed interest in such fund, created by the company and vested in the trustee. The whole situation resulted in a contractual status between the company and the trustee, with contingent

provisions for the benefit of the decedent, which never occurred.

It is not to be denied that decedent *could* have taken action which would have resulted in the application of the succession tax, or, on the other hand. by discharge from his employment for cause, lost all connection with such fund.

He could not name a creditor as the person to receive a part of the fund, nor could he name any person without the consent of the trustee. He had contributed not one cent to the fund. He was not a party to the contract. He was definitely an outsider.

Other contingencies could have occurred which would have brought the taxing statute into operation. The person designated might have predeceased the decedent. The decedent might have failed to designate. In each of those cases payment would be made to his estate.

However, when all these contingencies, which never occurred, are eliminated, we find the decedent died without the slightest interest of any kind in the trust fund, for when he died the only thing he did possess, the right to name a person to receive his interest in what the company had given the trustee, manifestly died with him.

No property, even within the loose definitions of the statute, passed to anyone at his death.

When the decedent named the person who should be paid a sum out of the trust fund, and the trustee agreed to such designation, that person became the equitable owner of that amount, which increased as time went on under terms of the contract. From then on, the contractual relationship was between the company, the trustee, and the named recipient of an interest in the fund, except the right to receive the interest therein upon the employee's reaching age 65.

The death of the decedent was merely the time when the trustee should give the named person that which belonged to such person.

If the power of revocation, which was the sole vestige of any right left in the decedent, can be considered property, then truly the statutes involved are most liberally construed.

If succession is to be predicated upon the right of the named person to receive the fund dependent upon the death of decedent, this ignores the language of the statute—succession is to property *from a resident.* Nothing passed *from* the decedent to the named person at decedent's death. This fact appears so obvious that it seems little more should be said. An interest in a fund, created by the company, title to which fund was transferred to a trustee, became the property of the named person upon designation by decedent, and upon the death of decedent passed *from* the trustee to such named person.

The factual situation existing in the Pennsylvania case, regardless of what was said by the court deciding it, is easily distinguished from that here considered. In the Pennsylvania case, the decedent, up to the time of death, had a constant right to receive at his option a part of the fund. And more important, the trust fund in the Pennsylvania case was composed not only of contributions by the company, but of deductions from the wages of the decedent. In any event, the court is not bound by such decision.

The Legislature has seen fit to exclude insurance proceeds payable to designated beneficiaries from the operation of the succession tax. Although the instant fund may not be classed as insurance, still the policy of the state is apparent in freeing such successions from the application of the tax. There would be more

reason for including insurance proceeds in the succession tax than there is for construing the statutes here involved as applicable to the instant profit sharing and trust fund, for insurance is in many cases created and continuously augmented by the person who names a beneficiary thereof.

My conclusion, therefore, is that not only do the statutes relied upon fail to justify the tax, but that, observing the policy of the Legislature in the matter of insurance, it was not intended that the instant situation should be included within the purview of the statutes here considered. Hence, I think judgment should be rendered in favor of appellant.